113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Walter LILLARD, Defendant-Appellant.
 No. 95-30271.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 18, 1997.*
Decided April 28, 1997.
 
 Before: CHOY, FERGUSON, WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Walter Lillard appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and an armed career criminal in violation of 18 U.S.C. § 924(e). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Lillard was a passenger on a motorcycle when it was stopped by a Grants Pass police officer. The driver of the motorcycle consented to a search of the motorcycle; the search led to the discovery of a disassembled sawed-off shotgun in the cycle's saddlebag. Lillard admitted to placing the weapon in the saddlebag and stated that he was only taking the gun to its owner for five dollars.
 
 
 4
 After he was indicted on federal charges, Lillard moved to suppress the shotgun on the basis that the traffic stop was pretextual and unsupported by reasonable suspicion. After the district court denied Lillard's motion, he entered a conditional guilty plea and then filed this appeal. Lillard moves this court for leave to file a pro se reply brief; that motion is GRANTED.
 
 
 5
 We review de novo a district court's denial of a motion to suppress. United States v. Noushfar, 78 F.3d 1442, 1447 (9th Cir.1996). However, we review the district court's factual findings for clear error. Id.
 
 
 6
 Recently, in United States v. Whren, 116 S.Ct. 1769 (1996), the U.S. Supreme Court upheld the validity of a search conducted pursuant to a traffic stop where the officers allegedly pulled the car over for, among other things, failing to give the appropriate signal. Rejecting the idea that the officers might lose their legal justification to stop the vehicle because of an ulterior motive, the Court held that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." Id. at 1774. As a result, "the Supreme Court 'effectively foreclos[ed] any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved.' " United States v. Michael R., 90 F.3d 340, 347 (9th Cir.1996) (quoting Whren, 116 S.Ct. at 1774).
 
 
 7
 Lillard's only recourse is to show that the traffic stop was "unreasonable under the circumstances." Whren, 116 S.Ct. at 1772; Michael R., 90 F.3d at 347. Whren makes even this avenue exceedingly difficult, holding that "[a]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren, 116 S.Ct. at 1772.
 
 
 8
 Here, it is undisputed that Officer Schmidt saw the motorcycle execute a right turn without signaling, thereby violating Oregon law. Accordingly, Officer Schmidt had probable cause to believe that the motorcycle had violated the traffic code, rendering the stop reasonable under the Fourth Amendment. Thus, we conclude that the district court correctly denied Lillard's motion to suppress.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3